## THE STATE v. MORRIS.

1. **Attachment:** WHERE STATE IS PLAINTIFF. Demand of payment must first have been made of the party against whom an attachment is sought to entitle the State thereto under sections 3005 and 3006 of the Code.

2. ———: CAUSE FOR. An affidavit to the effect that the defendant is in another State, and that he is about to sell or remove his property, is not sufficient to authorize an attachment.

*Appeal from Lee District Court.*

THURSDAY, DECEMBER 12.

THE petition in substance alleges that the defendant furnished large quantities of goods and suits of clothing to the State for the penitentiary located at Fort Madison, and that, combining and colluding with Seth H. Craig, warden, he took unto himself and received large gains and profits, which were excessive, unjust and fraudulent. The petition prays judgment for five thousand dollars, and asks the issuance of a writ of attachment.

Attached to the petition were the following affidavits:

"I, C. B. Worthington, being duly sworn, on oath say, that I heard most of the evidence of S. H. Craig, given before the committee appointed by the Legislature to investigate the affairs of said S. H. Craig, late warden; that I have examined the books and papers of said penitentiary, and from said evidence and examination, and other information, I verily believe that one M. Morris, late of Fort Madison, Iowa, has received from S. H. Craig, as said warden, at least the sum of five thousand dollars overcharges in excess of what he ought to have received for clothing claimed by him to have been sold to said warden for the State; that I verily believe that said Morris is now in Chicago, and that he is about to

sell or remove his property from the State of Iowa, or make some disposition of the same."

"I, D. N. Sprague, on oath do state that I am District Attorney of the first judicial district of Iowa; that from information I do verily believe it to be a fact that defendant, M. Morris, is indebted justly to the State of Iowa; that the sum of five thousand dollars is justly due the State of Iowa from him, and that the defendant so absents himself that no demand for security or payment has been or can be made upon him, and that, unless an attachment is issued against the property of defendant, there is danger that the amount due will be lost to the State."

An attachment was duly issued and was levied upon the property of the defendant. Afterward the defendant moved to discharge the attachment upon the following grounds:

"1.   Insufficiency in the statement of cause thereof in this: That the petition states no cause for an attachment, such as the law requires; that the affidavit of the District Attorney does not state that the defendant has refused to pay or secure the indebtedness upon which the attachment issued, for that it appears from the face of the papers in the case that no demand upon the defendant to pay or secure the sum was made.

"2.   It is apparent, from the face of the record, that the attachment should not have issued, for that the demand sued on is not founded on contract; and the petition should have been presented to some judge of the Supreme, District or Circuit Court, to have an allowance made thereon of the amount in value of the property to be attached, before such attachment could issue; and the record shows that such was not done. The averments of the petition do not constitute such claim of indebtedness due the State as that contemplated by sections 3005 and 3006 of the Code, and said sections do not authorize an attachment upon the allegations of the petition."

The court sustained this motion. The plaintiff excepted and appealed.

*J. F. McJunkin, Attorney General,* and *D. N. Sprague, District Attorney,* for appellant.

*Casey & Hobbs,* for appellee.

DAY, J.—I. Sections 3005 and 3006 of the Code are as follows: "In all cases in which any person is indebted to the State of Iowa, or to any officer or agent of the State for the use or benefit of the State, the proper District Attorney, or the Attorney General, shall demand payment or security therefor whenever, in the opinion of said District Attorney or Attorney General, the debt is not sufficiently secured. In all suits for money due to the State of Iowa, or due to any State agent or officer for the use of the State, it shall be lawful for an attachment to issue against the property or debts of the defendant, not exempt from execution, upon the filing of an affidavit by the District Attorney of the proper district, or of the Attorney General, that he verily believes that a specific amount therein stated is justly due, and the defendant therein has refused to pay or secure the same, and that unless an attachment is issued against the property of the defendant there is danger that the amount due will be lost to the State."

> 1. ATTACH-
> MENT: where
> state is plain-
> tiff.

These sections evidently contemplate that an attachment shall issue, for the cause therein stated, only when demand has been made upon the debtor for payment or security, and he has refused to pay or secure the claim. The affidavit in this case does not state that the defendant has refused to pay or secure the demand. In fact, it states that no demand for payment or security has been made upon the defendant, for the reason that he so absents himself that no demand can be made. It is not even stated that the defendant absents himself to avoid a demand for payment or security.

It appears, from the affidavit of Worthington, that the defendant is in Chicago. No reason is given why demand

The State v. Morris.

for payment or security might not have been made upon him there. The statute has not authorized an attachment in case the defendant is absent from the State so that demand for payment or security cannot be made within the State; and were we to extend the statute to such a case by construction, our act would be nothing less than judicial legislation. If it is desirable that an attachment should issue in such a case the remedy must be provided by the Legislature.

II. It is claimed, however, that sufficient has been alleged to authorize an attachment under section 2951 of the Code. 2. ——; cause for. It is said the affidavit of the District Attorney shows that the defendant cannot be found, and the affidavit of Worthington shows that the defendant is in Chicago, and that he is about to remove his property from the State of Iowa. It is not stated in the affidavit of the District Attorney that the defendant has absconded, so that the ordinary process cannot be served upon him. Merely absenting one's self is not equivalent to absconding. The affidavit of Worthington shows that defendant is in Chicago, but not that he is a non-resident of the State.of Iowa. It. states further that he is about to sell or remove his property from the State of Iowa, or make some disposition of same. In addition to the objection that facts are here stated in the alternative, there is a failure to state, as the statute requires, that the removal contemplated is without leaving sufficient remaining for the payment of his debts. No cause for attachment is assigned under section 2951 of the Code.

III. Should we be of opinion that there was no error in sustaining the motion to quash, we are asked to send the cause back to the District Court, with instructions that the plaintiff have leave to amend the affidavit for attachment, as provided in section 3021 of the Code. This is a law action, reviewable here simply upon errors assigned. No leave to amend was asked in the court below, and hence that court made no ruling upon the right to amend. Having determined

that the court below committed no error of law, our duty is to affirm the case. The remaining causes assigned in the motion to discharge need not be considered.

AFFIRMED.